IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL MOOSE, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-1207-O |
| | § | |
| BOBBY LUMPKIN, Director, TDCJ-CID, | § | |
|     Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Michael Moose ("Moose"), a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Respondent Bobby Lumpkin, director of that division. After considering the pleadings and relief sought by Petitioner, the Court concludes that the § 2254 petition must be dismissed as time-barred.

**I.    BACKGROUND**

    **A.    Procedural History**

Moose challenges the Director's custody of him pursuant to the judgments and sentences of the 415th District Court of Parker County, Texas, in Cause No. CR16-0365. SHR-03[1] at 11-16, ECF No. 13-26. Moose was charged by indictment with one count of continuous sexual abuse of a child under the age of fourteen and one count of indecency with a child by sexual contact. *Id.* at 9-10. He pled not guilty, was tried by a jury, and found guilty of both counts. On

---

[1] "SHR" refers to the clerk's record of state habeas pleadings filed with the court during Moose's state habeas proceeding. *See Ex parte Moose*, No. 92,900-01 (Tex. Crim. App. 2021), ECF Nos. 24, 25, 26 and 27.

1

March 29, 2018, the court sentenced him to sixty-five and twenty-years of incarceration, respectively. *Id.* at 11-16.

The Second Court of Appeals of Texas affirmed Moose's conviction on May 23, 2019. *Moose v. State*, No. 02-18-00194-CR, 2019 WL 2223585 (Tex. App.–Forth Worth 2019, no pet.). Moose was granted an extension of time, until August 23, 2019, to file a petition for discretionary review but failed to file. *Moose v. Texas*, PDR No. 0643-19 (Tex. Crim. App. 2019) (Order 6/21/19); *see* https://search.txcourts.gov/Case.aspx?cn=PD-0643-19&coa=coscca. Moose filed a state application for writ of habeas corpus, at the earliest, on June 7, 2021.[2] SHR-03 at 32, ECF No. 13-26 . The Texas Court of Criminal Appeals ("TCCA") denied his state writ application without written order on August 11, 2021. SHR-01 at cover (Action Taken), ECF No. 13-24.  On September 27, 2021, Moose constructively filed the instant federal petition under 28 U.S.C. § 2254.[3]  Pet.10, ECF No. 1.

## II.     ISSUES

The Court understands Moose to allege the following grounds for relief:

1. Trial court error for admitting evidence of an extraneous offense;

2. Trial court error for overruling his request for a directed verdict;

---

[2] "[U]nder Texas law the pleadings of pro se inmates, including petitions for state post-conviction relief, are deened filed at the time they are delivered to prison authorities." *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Moose signed his state writ application on June 7, 2021. See 11.07 Appl. 32, ECF No. 13-26. For limitations purposes, the Court will use the date Moose signed the state writ application.

[3] A pro se petitioner's federal habeas petition is deemed filed, for purposes of the applicability of the statute of limitations, when he delivered the writ petition to prison authorities for mailing. *See Cousin v. Leinsing*, 210 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). Moose certified that he placed his petition in the prison mailing system on September 27, 2021. Pet. 10, ECF No. 1.

3. Ineffective assistance of counsel; and

4. Violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

Pet. 6-7, ECF No. 1.

## III.   ANALYSIS

### A.   Application of the Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

First, the Court notes that Moose's claims do not concern a newly recognized constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). And Moose has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. *Id.* at § 2244(d)(1)(D). The record does not indicate that any unconstitutional "State action" prevented Moose from filing for federal habeas corpus relief prior to the end of the limitation period. *Id.* at § 2244(d)(1)(B). Moose argues in his reply and appendix thereto, however, that the State created an impediment by failing to provide him a copy of his court records. Reply 4, ECF No. 20; App. 2-11, ECF No. 21.

In order to invoke § 2244(d)(1)(B), Moose must show that: "(1) he was prevented from filing a petition, (2) by State action, (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his petition. *See Upchurch v. Thaler*, No. 3-10-cv-987-D, 2011 WL 1422728, *3-4 (N.D. Tex. Jan 28, 2011) (collecting cases requiring a causal relationship between unconstitutional state action and being prevented from filing a federal petition), *rep. and rec. adopted*, 2011 WL 1193209 (N.D. Tex. Mar. 30, 2011). Moose "must also show that . . . [the impediment] actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original).

Here, Moose has not made the requisite showing. His assertions that an inability to obtain copies of court records kept him from timely filing is conclusory. Although he has provided an appendix with copies of correspondence between him and his counsel and between him and court

4

officials, related to obtaining records, all of those documents, except one exchange with counsel, were dated either long before the limitation period began or after it ended. App. 2-3, 5-11, ECF No. 21. In the only letter to counsel dated in the relevant time period (March 2020) where he sought a copy of the "trial case in its entirety," he failed to heed his counsel's prior November 2018 letter informing Moose that he was not entitled to transcripts. App. 4-4, ECF No. 21. Moreover, Moose does not allege a causal link between the alleged denial of his state records and his inability to file a timely federal petition. Thus, Moose has not shown that his limitation period ran after he was prevented from filing because of State action in violation of the Constitution or laws of the United States.

Thus, the Court concludes that the applicable limitations period began to run when the judgment because final under § 2244(d)(1)(A). Moose's conviction was affirmed by the Second Court of Appeals of Texas on May 23, 2019. *Moose v. State*, 2019 WL 2223585, at *1-6. As noted above, Moose was granted an extension of time to file a PDR, until August 23, 2019, but TCCA records show time expired without any PDR filing *Moose v. Texas*, PDR No. 0643-19 (Tex. Crim. App. 2019) (Notice 9/26/2019); *see* https://search.txcourts.gov/Case.aspx?cn=PD-0643-19&coa=coscca. Thus, in this case, Moose's conviction became final on that day because his time for seeking additional review ended. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by when time for filing further appeals expires). Moose's one-year limitation period started on August 23, 2019, and expired one year later, on August 23, 2020. Moose's § 2254 petition, constructively filed on September 27, 2021, was filed over a year too late and is subject to dismissal as time-barred absent any application of statutory or equitable

tolling.

### 1.   Statutory Tolling Under 28 U.S.C. § 2244(d)(2)

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Although Moose sought relief through a state application for writ of habeas corpus, that state application was not filed until June 2021, after the limitation period lapsed. Thus, Moose's State application, filed after the end of the applicable one-year period, does not toll the federal limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect).

### 2.   Equitable Tolling

Moose argues in his reply that he should be afforded equitable tolling. Moose correctly notes that the one-year limitation period for filing a petition under § 2254 is subject to equitable tolling. Reply 3, ECF No. 20 (citing *Holland v. Florida*, 560 U.S. 631, 645-46 (2010). Equitable tolling should be applied only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). More specifically, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (*abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006)). Movant bears the burden to show entitlement to equitable tolling. *See e.g. Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). "In order for equitable tolling to

apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. Moose has failed to show that he diligently pursued relief as he waited over twenty-two months after his conviction became final to file a state habeas application and then several weeks from the TCCA's denial to seek federal review. Indeed, "[e]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Moose has not shown the kind of diligence to support any claim of equitable tolling.

### III.   CONCLUSION

It is therefore **ORDERED** that Michael Moose's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **18th day** of **July, 2022.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE